NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CYNTHIA CUPE, | : | Civil Action No. 02-3287 (KSH) |
| Petitioner, | : | |
| v. | : | **O P I N I O N** |
| CHARLOTTE BLACKWELL, et al., | : | |
| Respondents. | : | |

**APPEARANCES:**

    CYNTHIA CUPE, #94245B
    Edna Mahan Correctional Facility
    P.O. Box 4004
    Clinton, New Jersey  08809
    Petitioner Pro Se

    NANCY A. HULETT, Deputy Attorney General
    PETER C. HARVEY, ATTORNEY GENERAL
    Division of Criminal Justice
    Appellate Bureau
    P.O. Box 086
    Trenton, New Jersey  08625
    Attorneys for Respondents

**HAYDEN**, District Judge

    Cynthia Cupe filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a), accompanied by a Brief, challenging a conviction for murder in the Superior Court of New Jersey, Essex County.  Respondents filed an Answer seeking dismissal of the Petition on several grounds, including the statute of limitations, 28 U.S.C. § 2244(d).  For the reasons expressed below, the Court dismisses the Petition as untimely, and denies a certificate of appealability.

## I.  BACKGROUND

Petitioner challenges a judgment of conviction entered in the Superior Court of New Jersey, Essex County, on May 1, 1987, after a jury found her guilty of the purposeful or knowing murder of Shelby Crews on July 9, 1986, and unlawful possession of a weapon with a purpose to use in unlawfully against the person of another.  The Law Division sentenced Petitioner to a 30-year term of imprisonment without eligibility for parole.  Petitioner appealed, and on May 12, 1989, the Superior Court of New Jersey, Appellate Division, affirmed the conviction.  The New Jersey Supreme Court denied Petitioner's petition for certification on September 6, 1989.  State v. Cupe, 117 N.J. 635 (1989).

Petitioner filed her first state petition for post-conviction relief on August 27, 1991.  The Law Division of the Superior Court of New Jersey denied relief on October 28, 1991.  On November 1, 1994, the Appellate Division determined that Petitioner had been denied the effective assistance of counsel on her petition for post conviction relief, reversed, and remanded.

Petitioner filed an amended petition for post conviction relief in the Law Division, which again denied relief.  Petitioner appealed and in a published opinion, the Appellate Division rejected the state's argument that the claims were procedurally barred and affirmed the order denying relief on the merits.  See State v. Cupe, 289 N.J. Super. 1 (App. Div. 1996).  The Supreme Court of New Jersey denied certification on May 23, 1996.  State v. Cupe, 144 N.J. 589 (1996) (table).

On March 12, 1997, Petitioner filed her first Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("First Petition").  See Cupe v. Blackwell, Civil No. 97-1217 (KSH)  (D.N.J. filed March 12, 1997).  By Opinion and Order entered October 25, 1999, this Court dismissed

seven grounds for lack of subject matter jurisdiction, dismissed Ground One with prejudice, and dismissed the remaining grounds without prejudice as unexhausted.[1]  Id.  Petitioner filed a notice of appeal and the Third Circuit granted a certificate of appealability.  The Third Circuit Court of Appeals vacated the order of dismissal and remanded with instructions to dismiss the entire petition without prejudice as a mixed petition under Rose v. Lundy, 455 U.S. 509 (1982), containing both exhausted and unexhausted claims.  Cupe v. Blackwell, C.A. No. 99-5913 order (3d Cir. March 21, 2002).  By Order entered April 4, 2002, this Court dismissed the Petition without prejudice for failure to exhaust state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A), 2254(c).

On January 10, 2000, Petitioner signed her second petition for post conviction relief, which was filed in the Superior Court of New Jersey, Law Division, Essex County.  In a written opinion on July 12, 2000, Superior Court Judge Vichness denied relief on the grounds that six points had been previously adjudicated, three claims of ineffective assistance did not meet the test in Strickland v. Washington, 466 U.S. 668 (1984), and the final point could have been raised previously and did not meet any exception to the bar of New Jersey Court Rule 3:22-4.  In an opinion filed January 11, 2002, the Appellate Division affirmed substantially for the reasons expressed by Judge Vichness and noted that the claims were time-barred, having been filed more than five years after th judgment of conviction and with no showing of excusable neglect.  The New Jersey Supreme Court denied certification on June 12, 2002.  State v. Cupe, 174 N.J. 40 (2002) (table).

---

[1] This Court equitably tolled the limitations period from March 12, 1997, until October 28, 1999, the presumed date of Petitioner's receipt of the Order and accompanying Opinion.

On June 25, 2002, Petitioner executed her second § 2254 Petition, which is now before this Court. The Clerk received it on July 9, 2002. The Court notified Petitioner of the consequences of filing such a Petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), and gave her an opportunity to withdraw the Petition and file one all-inclusive Petition, pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000). The Petition asserts seven grounds, none of which raises a right newly recognized by the United States Supreme Court. The grounds are set forth below verbatim:

> Ground One: THE COURT BELOW FAILED TO MAKE A PROPER DETERMINATION OF THE VOLUNTARINESS OF DEFENDANT'S ORAL STATEMENT ALLEGEDLY MADE AT THE HOSPITAL AND THAT THE DEFENDANT WAIVED HER MIRANDA WARNINGS BEYOND A REASONABLE DOUBT.
>
> Ground Two: THE STATE FAILED TO PROVE BEYOND A REASONABLE DOUBT THAT THE DEFENDANT'S STATEMENT WAS MADE VOLUNTARILY AFTER A KNOWING AND INTELLIGENT WAIVER OF HER RIGHT TO REMAIN SILENT.
>
> Ground Three: THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT REFUSED TO INSTRUCT THE JURY THAT THE STATE HAS THE BURDEN TO PROVE BEYOND A REASONABLE DOUBT THAT THE DEFENDANT DID NOT ACT IN THE HEAT OF PASSION BASED ON A REASONABLE PROVOCATION.
>
> Ground Four: THE MANNER IN WHICH THE CHARGE OF MURDER AND PASSION\PROVOCATION MANSLAUGHTER WERE PRESENTED TO THE JURY, IN THE JURY INSTRUCTIONS INSTRUCTIONS VIOLATED DEFENDANT'S STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO DUE PROCESS AND A FAIR TRIAL BY EFFECTIVELY PRECLUDING CONSIDERATION OF PASSION\PROVOCATION MANSLAUGHTER AS A LESSER INCLUDED OFFENSE OF MURDER.

>Ground Five: TRIAL AND APPELLATE COUNSEL (ON DEFENDANT'S FIRST APPEAL) WERE CONSTITUTIONALLY INEFFECTIVE FOR FAILING TO RAISE THE POINT DISCUSSED IN POINT 4 OF THIS PETITION.
>
>Ground Six: THE DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.
>
>Ground Seven: THIS COURT'S PASSION\PROVOCATION MANSLAUGHTER HOLDING IN STATE V. COYLE DID NOT ANNOUNCE A NEW RULE OF LAW FOR RETROACTIVITY PURPOSES; RATHER IT MERELY INTERPRETED AN EMINENTLY CLEAR STATUTE TO MEAN PRECISELY WHAT IT SAID ON ITS FACT AND HENCE, DEFENDANT IS ENTITLED TO THE BENEFIT OF THAT DECISION IN HER TIMELY FILED PETITION FOR POST CONVICTION RELIEF.

(Pet. ¶ 12.) Petitioner filed a Brief in support of the Petition.

Respondents filed an Answer, arguing, <u>inter alia</u>, that the Petition should be dismissed as time-barred. Petitioner filed a Traverse opposing dismissal of the Petition.

## II. DISCUSSION

<u>A. Statute of Limitations</u>

On April 24, 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of

>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of

>the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence . . . .

28 U.S.C. § 2244(d)(1).

The statute of limitations under § 2244(d) is subject to two tolling exceptions: statutory tolling and equitable tolling. Merritt, 326 F.3d at 161; Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998). Section 2244(d)(2) requires statutory tolling under certain circumstances: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

The AEDPA statute of limitations is also subject to equitable tolling. Miller, 145 F.3d at 618. The one-year limitations period is subject to equitable tolling "only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). Equitable tolling is appropriate

>only when the principle of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing [the] claims. Mere excusable neglect is not sufficient.

Miller, 145 F.3d at 618-19 (internal citations and alterations omitted); see also Merritt, 326 F.3d at 168.

Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005). Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

In this case, the applicable limitations provision is § 2244(d)(1)(A). Because Petitioner's conviction became final prior to the effective date of the AEDPA on April 24, 1996, her one-year limitations period began on April 24, 1996. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Nara v. Frank, 264 F.3d 310, 315 (3d Cir. 2001); Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998). Because Petitioner's amended petition for post conviction relief was pending in the New Jersey courts on April 24, 1996, the limitations period was statutorily tolled from April 24, 1996, until the Supreme Court of New Jersey denied certification on May 23, 1996. State v. Cupe, 144 N.J. 589 (1996) (table). The limitations period began to run on May 23, 1996. In its opinion dismissing Petitioner's first Petition without prejudice as unexhausted this Court

7

equitably tolled the limitations period from the date of filing on March 12, 1997, until October 28, 1999, three days after entry of the Order dismissing the Petition without prejudice as unexhausted.  The limitations period picked up again on October 29, 1999, and ran for the remaining 72 days on the statute of limitations, which ended on January 10, 2000.  Even if the limitations period was statutorily tolled from January 10, 2000, when Petitioner executed her second state post conviction relief petition, through June 12, 2002, when the Supreme Court of New Jersey denied certification, see State v. Cupe, 174 N.J. 40 (2002) (table), the Petition is untimely because Petitioner did not execute it until June 25, 2002, which is past the last possible date for the expiration of the statute of limitations.

This Court equitably tolled the limitations period while Petitioner's first Petition was pending before this Court, cf. Jones v. Morton, 195 F.3d at 159-60 (absent extraordinary circumstances, the limitations period is not equitably tolled while a mixed petition is pending before a district court).  Taking this into consideration, and on the facts before it, the Court finds that there are no extraordinary circumstances warranting further equitable tolling of the limitations period.  Because Petitioner filed the § 2254 Petition on June 25, 2002, the Petition is untimely.

The Supreme Court's recent decisions in Pliler v. Ford, 124 S.Ct. 2441 (2004), and Rhines v. Weber, 125 S.Ct. 1528 (2005), are instructive.  In Pliler, the petitioner filed his first § 2254 petition before the statute of limitations expired.  After the limitations period expired, the district court determined that the petition was mixed and dismissed it without prejudice as unexhausted, whereupon the petitioner returned to state court, which summarily dismissed.  The petitioner refiled his § 2254 petition in federal court and the district court dismissed the petition

8

with prejudice as untimely under the one-year statute of limitations.  The Ninth Circuit granted a certificate of appealability and held that the petition was timely because the filing date related back to the original petition.  The Ninth Circuit held that if a pro se petitioner files a mixed petition, the district court errs by dismissing the petition without prejudice, without advising the petitioner of the option for a stay and without advising the petitioner that his federal claims would be time-barred, absent equitable tolling, if he opted to dismiss the petition without prejudice and return to state court to exhaust his claims.

The Supreme Court reversed the Ninth Circuit, holding that federal district judges are not required to warn pro se petitioners about the time-bar or to advise them of the option of a stay before dismissing a mixed petition without prejudice.  Pliler, 124 S.Ct. at 2446.  The Court expressly rejected the petitioner's argument that the advisements are necessary to ensure that pro se petitioners make informed decisions and do not unknowingly forfeit their exhausted claims.

> Respondent reads Rose as mandating that a prisoner be given *the choice* of returning to state court to exhaust his claims or amending or resubmitting the habeas petition to present only exhausted claims to the district court.  But Rose requires only that a district court must dismiss . . . mixed petitions, leaving the prisoner with the choice described above.  In other words, Rose requires dismissal of mixed petitions, which, as a practical matter, means that the prisoner must follow one of the two paths outlined in Rose if he wants to proceed with his federal habeas petition.  But nothing in Rose requires that both of these options be equally attractive, much less suggests that district judges give specific advisements as to the availability and wisdom of these options.

Pliler, 124 S.Ct. at 2447 (citations and internal quotation marks omitted).

In Rhines v. Weber, 125 S.Ct. 1528 (2005), the Supreme Court vacated a judgment of the Eighth Circuit holding that a district court has no authority to stay a mixed petition to allow the

9

petitioner to present his unexhausted claims to the state court and then to return to federal court. Noting that "the filing of a petition for habeas corpus in federal court does not toll the statute of limitations," id. at 1533, the Court observed that

> If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under Lundy after the limitations period has expired, this will likely mean the termination of any federal review. For example, if the District Court in this case had dismissed the petition because it contained unexhausted claims, AEDPA's 1-year statute of limitations would have barred Rhines from returning to federal court after exhausting the previously unexhausted claims in state court.

Id. at 1533.

The Rhines Court held that a district court has the authority to issue stays only where a stay would be compatible with AEDPA's purposes. Id. at 1534. The Court determined that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition." Id. at 1535. Here, because the Court equitably tolled the statute of limitations during the period of time Petitioner's mixed petition was pending, Petitioner has already received the benefits of a stay.

In light of Pliler and Rhines, this Court holds that the instant § 2254 Petition is barred by the one-year statute of limitations which expired on January 10, 1997. Accordingly, the Court dismisses the Petition as untimely. 28 U.S.C. § 2244(d)(1).

10

B.  Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme Court held:  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

The Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition as untimely is correct.

### III.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition for a Writ of Habeas Corpus as untimely, and denies a certificate of appealability.

/s/ Katharine S. Hayden

KATHARINE S. HAYDEN, U.S.D.J.

DATED: November 28 , 2005

11